GAUTHIER v. FEDERAL SECURITY AGENCY, SOCIAL SECURITY BOARD.

Civ. No. 1251.

District Court, S. D. Florida, Miami Division.

Jan. 12, 1946.

W. H. Mizell, of West Palm Beach, Fla., for plaintiff.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Fred W. Botts, Asst. U. S. Atty., of Miami, Fla., for defendant.

HOLLAND, District Judge.

This petition to review the decision of the Appeals Council of the Federal Security Agency, Social Security Board, was filed July 3, 1945. The defendant appeared through the Assistant United States Attorney on August 4, 1945. Answer was filed September 6, 1945. Motion for summary judgment was filed by the defendant on December 10, 1945, and the case was heard on January 4, 1946.

The issue now before the Court is well set out in the decision of the Appeals Council of May 7, 1945. I particularly refer to the first three paragraphs. The matter was determined by the Appeals Council adverse to the claimant.

The facts found by the Bureau and the Appeals Council of the Social Security Board are set out in the transcript of the record, and need not be recited herein. They are accepted as true.

The conclusions and findings of law, representing an application by the Appeals Council of the Social Security law to the facts of this case, are approved by this Court, and this Court now adopts such findings and conclusions as a basis for the judgment to be entered herein. By way of comment this Court adds the following:

■ As an officer and director of the corporation, the Council's interpretation of the documentary evidence is correct. Mr. Gauthier received the $25 per week under the terms of the letter from Mr. Black of date November 23, 1938, the consideration for which was Mr. Gauthier's resignation as officer and director, and the depositing of the Gauthier stock in the corporation. Though the stock may have been deposited in escrow, and was not to be surrendered, with a consequent foreclosure of Mrs. Gauthier's interest in the corporation, until certain conditions were complied with or eventuated, still the payment of the $25 per week was in consideration of Mr. Gauthier agreeing to do these things at the time, to-wit, on November 23, 1938.

The testimony of Mr. Gauthier, Mr. Black and Mr. Rosman may well support claimant's contention that claimant was on a "subject to call" basis, but under the written documentary evidence attending claimant's cessation of active work with the 220 East 56th Street Corporation in 1938, there was not preserved to said corporation a right to recall Mr. Gauthier to active work for the rendition of services by him to said corporation. Mr. Gauthier had resigned as an officer and director of the corporation. It may be that this resignation was also deposited in escrow, just as was the stock, but the agreement had become partially executed at least, as Mr. Gauthier withdrew to Florida leaving Mr. Black as general manager, under the trust agreement, and it was further executed because Mr. Gauthier actually received and kept the $25 per week until sometime in 1942, which $25 per week was the consideration for his agreement as aforesaid.

With reference to his being an employee, there was no executed consent by him as proposed by paragraph 11 of the trust agreement. He could not be regarded as an employee subject to call, when the matter of his possible recall had been dealt with by written agreement, to-wit, the trust agreement, and according to its terms, to-wit, paragraph 11, he, Mr. Gauthier, had never executed a .consent making recall provisions binding upon him.

■ There are further two other material matters for consideration. The Claims Council hinted at the application of Section 205(c) (2) of the Social Security Act, 42 U.S.C.A. § 405(c) (2), as affecting this case, but the Council did not seem to follow through in its discussion of the case on this point. The records of the Board of the amounts of wages paid to each individual, and the periods of their employment, are very material under the Act. An employee

316

on a subject to call basis should see to it that he is so reported by his employer. I am of the opinion that claims of employees, and litigation in regard to same, should be based on the Board's records and not on evidence with regard to such alleged status, not a part of the Board's records. This case is not based on the Board's records, but is based on a claim for benefits.

The second consideration is this—should the Court regard the pursuance of the claim as a proceeding under Section 205(c) (3) of the Act, even though manifestly it was not? It would appear that the four year rule under Section 205(c) (2) would bar Mr. Gauthier on this phase of the matter. A full four years of non-receipt of any money under the Black agreement had not elapsed prior to April 13, 1944, but a full four year period had elapsed so far as the Board's employee records were concerned. And so far as I can determine the fact that there was no record of the matter, does not come within the terms of the exception clause in said Section 205(c) (2). These considerations are merely mentioned however, but I sustain the defendant's motion for summary judgment for the reasons first set out herein.

Let order be settled on five days' notice to claimant's counsel.